## Plaut, et al. v. Shirley.

(Decided October 26, 1923.)

## Appeal from Metcalfe Circuit Court.

Sales—V-shaped Marks at Left of Items in Order Held Not to Indicate "Cancellation."—Where one ordering goods requested that order be sent to him, in order that he might cancel certain items, and he drew a line through certain items, and put V-shaped marks after others, and wrote on the back of the order that he had "canceled" all he did not want, held, that the V-shaped marks did not indicate a cancellation, and sellers were within their rights in shipping items so marked to the buyer (citing Words and Phrases, First Series, "Cancellation").

W. E. JONES for appellants.

J. W. KINNAIRD for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

In May, 1920, appellee, a merchant at Edmonton, Ky., ordered a bill of goods from appellants, who are wholesale merchants at Cincinnati, Ohio. They were to be shipped on July 1, 1920, but on June 21st appellee by letter cancelled the order.

After some correspondence between the parties, appellee again wrote appellants that if they would send him a typewritten duplicate of the order he had originally made he would "pick out what we want." Accordingly appellants sent to appellee the duplicate of the original order with certain changes in prices.

We have before us the original copy so sent.

The evidence of appellee and his daughter, who worked in his store, is that they went over the various items together and that the daughter, at the direction of her father, made at the left of certain items on the bill a little V-shaped mark in black ink as indicating the items which they did not want, and which they deemed a cancellation of those items.

After this, however, appellee again looked over the bill and cancelled by lines drawn in ink across the paper through certain other items on the bill, and in fact so cancelled one item marked by the daughter as above stated.

In this condition the order was sent back by appellee to appellants with this notation on the back of it:

"Gentlemen: We have cancelled all we do not want. We have also changed amount of a few.

"Respectfully,

"U. S. Shirley."

Thereupon appellants shipped to appellee all the items in the bill except such as were marked out in ink across the face of the paper, including those items opposite the V-shaped mark made by the daughter.

In shipment the goods were damaged, but most of them were delivered to appellee. Thereafter appellee wrote appellants that they had shipped more than he ordered, and that the goods had been damaged in shipment, and requested them to put in a claim for damage to the same, and this appellants declined to do. When the bill became due, appellee having refused to pay same, this suit was brought on it asking for a judgment for $584.25, the amount of the bill shipped.

The case was submitted to the jury and it found a verdict for the plaintiff for only such amount as defendant admitted he owed.

The plaintiffs asked on the trial for a directed verdict, and prosecute this appeal because of the refusal of the court to give it to them.

There is no material contradiction in the evidence, and the paper in question with the marks so made on it and the writing on the back of it appears to be the whole contract between the parties.

Bouvier's Law Dictionary, vol. 1, defines a cancellation to be:

"The act of crossing out a writing. The manual operation of tearing or destroying a written instrument."

In 9 C. J., p. 1153, cancel is defined as follows:

"To blot out or to obliterate; to cross out; to cross lines of a writing and deface it; to strike out by drawing lines across."

The same definition in substance will be found in Words and Phrases, vol. 1, and Webster's International Dictionary.

It is apparent therefore that when appellee on the back of the copy of the order thought he had cancelled all he did not want, appellants understood him to mean that

he wanted all of the items in the bill except such as had been cancelled; and as there was nothing on its face showing a cancellation of any of the items, except the ones through which he had drawn a line in ink, they had a right to assume that he wanted all the other items. And as the little V-shaped marks at the left of certain items did not on its face indicate a cancellation or obliteration of such items, plaintiffs were within their rights in shipping such items to the defendant.

The paper with the marks on it and the writing on the back of it constituted the whole contract between the parties, and the court should have as a matter of law told the jury there was no cancellation, except of the items heretofore indicated, and directed a verdict for the plaintiffs as they asked.

The appeal is granted and judgment is reversed with directions to grant appellants a new trial and for further proceedings consistent herewith.